UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORTELL FRANKLIN,<br><br>                         Plaintiff,<br><br>             v.<br><br>LOS ANGELES COUNTY SHERIFF DEPARTMENT,<br><br>                         Defendant. | Case No. 2:23-cv-08745-SRM-AGR<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH LOCAL RULES** |

Before the Court is Cortell Franklin's ("Plaintiff Franklin") case against Los Angeles County Sheriff Department ("Defendant"). Having considered the Local Rules of this District and the record in this case, the Court **DISMISSES** Plaintiff Franklin's case **WITHOUT PREJUDICE**.

**I.      BACKGROUND**

Plaintiff Franklin commenced this action as a *pro se* plaintiff on October 13, 2023, after suing Defendant under 42 U.S.C. § 1983. Dkt. 1 at 3. Plaintiff Franklin has filed multiple motions to amend his complaint. Currently, Plaintiff Franklin's Second Amended Complaint is the operative pleading in this case. Dkt. 40. Since then, Plaintiff Franklin has filed multiple motions for leave to amend the complaint. *See* Dkts. 42–44, 51, 58, 65, 70,

-1-

71, 76–80. On March 16, 2026, Magistrate Judge Alicia G. Rosenberg issued a Report and Recommendation resolving two of Plaintiff's motions. *See* Dkt. 96. The Report and Recommendation never reached the Plaintiff as it was returned to the Court as undeliverable. *See* Dkts. 100, 103. In addition, the Notice of Filing the Magistrate Judge's Report and Recommendation, which includes the objections period, was also returned to the Court as undeliverable. *See* Dkts. 99, 103. Finally, the Magistrate Judge's order denying without prejudice as moot plaintiff's superseded motions for leave to file amended complaints (Dkt. 96) was also returned to the Court as undeliverable. *See* Dkt. 101.

## II. DISCUSSION

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Five factors are weighed when determining whether to dismiss an action for failure to prosecute or comply with court orders: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Pagtalunan*, 291 F.3d at 642.

Having weighed the five factors, the Court finds that all but the fourth factor weigh in favor of dismissing this action.

The first and second factors weigh in favor of dismissal. Local Rule 41-6 states that

> a party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the

-2-

Court may dismiss the action with or without prejudice for failure to prosecute.

Plaintiff Franklin's failure to update his address and respond to the Report and Recommendation impedes this Court's ability to manage this case and expeditiously move it towards disposition. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal"); *Himes v. Lopez*, No. CV 17-05020, 2025 WL 4072118, at *2–3 (C.D. Cal. Nov. 17, 2025) (finding first and second factors weighing in favor of dismissal where plaintiff did not update address). Moreover, the Court has expended valuable time and resources reviewing and deciding Plaintiff Franklin's motions throughout this litigation. The Court cannot continue to expend such time and resources when it cannot keep Plaintiff apprised of this litigation because he has failed to update his address.

The third factor—the risk of prejudice to Defendant—also weighs in favor of dismissal. The law presumes a defendant would suffer prejudice from a plaintiff's failure to prosecute a case diligently. *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). This presumption must be judged relative to the strength of the plaintiff's excuse for failing to prosecute or comply with a court's orders. *Id.* at 1453; *see also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) ("Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default."). Here, Plaintiff Franklin offers no good excuse for failing to update his address. Without more, the Court thus presumes Defendant would suffer prejudice.

Finally, the fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Here, there are no less restrictive alternatives to dismissal. This is because even if the Court ordered Plaintiff Franklin to file an updated address or set an order to show cause why the matter should not be dismissed, it would be returned as undeliverable. *See also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must

-3-

explore possible and meaningful alternatives."). The Court cannot communicate with Plaintiff Franklin regarding this case.

Finally, although the fourth factor—the public policy favoring disposition of the case on its merits—weighs against dismissal, Plaintiff Franklin's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Having weighed these factors, the Court finds that dismissal of this action without prejudice is warranted under Federal Rule of Civil Procedure 41(b).

## III.    CONCLUSION

The Court now has no means of communicating with Plaintiff Franklin, as the provided address is no longer valid, and he has not provided the court with any method of communicating with him. This case is therefore **DISMISSED WITHOUT PREJUDICE** under Local Rule 41-6. If the Plaintiff updates his address with the court within 60 days of this order, it will be construed as a motion for reconsideration of the dismissal order.

**IT IS SO ORDERED.**

Dated: March 31, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

-4-